1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney

2
   MARTHA A. BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  DANIEL N. KASSABIAN (CABN 215249)
   Assistant United States Attorney

5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone:    (415) 436-7034
7      Facsimile:    (415) 436-7234
       daniel.kassabian@usdoj.gov

8
   Attorneys for United States of America

9
                    UNITED STATES DISTRICT COURT

10
                  NORTHERN DISTRICT OF CALIFORNIA

11
                          OAKLAND DIVISION

12
   UNITED STATES OF AMERICA,          )   CASE NO. CR 24-00022-HSG
13                                     )
          Plaintiff,                   )   UNITED STATES' SENTENCING
14                                     )   MEMORANDUM
       v.                              )
15                                     )
   EVER ESAU SANCHEZ-MORADEL,          )   Date:     July 31, 2024
16                                     )   Time:     2:00 pm
          Defendant.                   )   Ctrm:     2, 4th Fl
17  _____)   Judge:    The Honorable Haywood S. Gilliam, Jr.

18

19  **I.      SYNOPSIS**

20         The United States respectfully submits this Sentencing Memorandum for defendant Ever Esau

21  Sanchez-Moradel, who pleaded guilty to one count of distribution of fentanyl, in violation of 21 U.S.C.

22  § 841(a)(1) and (b)(1)(C).  He supplied 2-3 ounces fentanyl to an undercover officer on three occasions:

23  August 22, September 12, and October 4, 2023.  He was then arrested on November 7, 2023 in the

24  Tenderloin after being observed conducting hand-to-hand transactions, and was found with

25  approximately 46.60 grams of methamphetamine, 40.20 grams of cocaine, and 4.20 grams of fentanyl.

26  The government, the defendant, and the U.S. Probation Office all recommend a sentence of 21 months

27  of imprisonment, followed by three years of supervised release, which is sufficient but no greater than

28  necessary to meet the purposes of sentencing.  This recommendation is less than the average term of 27

1 months imprisonment for similarly situated defendants (i.e., same offense level, criminal history, drug

2 type) during the last five years per the Judiciary Sentencing INformation (JSIN) platform, and reflects

3 several facts in mitigation specific to Mr. Sanchez-Moradel that the Court may consider pursuant to

4 18 U.S.C. § 3553(a).

5 **II.      SENTENCING GUIDELINES CALCULATION**

6          The government agrees with the offense conduct facts as set forth in the Presentence

7 Investigation Report (PSR).  PSR [ECF 55] ¶¶ 5-15.  The government also agrees with the Guidelines

8 offense level calculation in the PSR for Mr. Sanchez-Moradel's conduct as follows:

9          a.      Base Offense Level, U.S.S.G. § 2D1.1(a)(5):                                    26

10         b.      Zero-Point Offender, U.S.S.G. § 4C1.1                                          -2

11         c.      Acceptance of Responsibility, U.S.S.G. § 3E1.1:                             - 3

12         d.      **Total Offense Level:**                                                          **21**

13 *See id*. ¶¶ 20-29.  Because of Mr. Sanchez-Moradel's Criminal History Category (CHC) of I, *see id.*

14 ¶ 33, the Guidelines range for offense level 21 and CHC I is 37-46 months of imprisonment.  *Id.* ¶ 66.

15         In the plea agreement—following an extensive defense proffer about Mr. Sanchez-Moradel's

16 circumstances, as now also laid out in the PSR, *see id*. ¶¶ 42-48—the government agreed to a joint

17 recommended sentence of 21 months of imprisonment.  *Id.* ¶ 3.

18 **III.     SENTENCING RECOMMENDATION**

19         **A.      Legal Standard**

20         The United States Sentencing Guidelines serve as "the starting point and the initial benchmark"

21 of any sentencing process and are to be kept in mind throughout the process.  *See United States v. Carty*,

22 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007).  The

23 overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence

24 sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991 (citation omitted).  In accomplishing

25 that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include:

26      -    the nature and circumstances of the offense and the history and characteristics of the
           defendant;

27

28      -    the need for the sentence imposed to reflect the seriousness of the offense, to promote
           respect for the law, and to provide just punishment for the offense;

- the need for the sentence imposed to afford adequate deterrence to criminal conduct; and

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

**B.      The Defendant's Instant Offenses Show His Prowess And Callousness As a Drug Dealer.**

Mr. Sanchez-Moradel has made a living selling drugs in the Bay Area—and specifically on the streets of San Francisco's Tenderloin neighborhood—he says he did so when he fell on hard times. PSR ¶ 18.  By his own admission, by doing so, he decided that his well-being was more important than those struggling on the streets, addicted to drugs; he decided to benefit from their plight.  A sentence of 21 months of imprisonment for that conduct is appropriate.

**1.      The defendant repeatedly sells ounces of fentanyl to an undercover officer.**

As described in detail in the PSR, Mr. Sanchez-Moradel sold fentanyl to an undercover officer three times:  2 ounces on August 22, 2023; 3 ounces on September 12, 2023; and another 3 ounces on October 11, 2023 in Oakland.  This pattern demonstrated he had access to significant quantities of drugs.  Of note, during one of those buys, Mr. Sanchez-Moradel alluded to needing to go to San Francisco, presumably to sell drugs in the Tenderloin where he was later arrested for selling drugs.  *See id*. ¶¶ 7-11.

**2.      The defendant is arrested after selling drugs in the Tenderloin.**

Mr. Sanchez-Moradel was arrested on November 7, 2023, at about 11 pm in the Tenderloin—a block north of this courthouse—after being observed conducting hand-to-hand drug sales.  In his bag were multiple drugs:  46.60 grams of methamphetamine, 40.20 grams of cocaine, and 4.20 grams of fentanyl.  *Id*. ¶ 12-14.  He also had a digital scale with white residue, and a knife.  Also found on his person were $397 and a black Motorola cellular telephone that he has agreed to forfeit.

**C.      Mr. Sanchez-Moradel's Crimes Are Serious, And The Community Needs Protection From Future, Similar Crimes By Him, And To Deter Other Drug Dealers.**

Mr. Sanchez-Moradel's conduct was driven by the simple need for pecuniary gain—he came here to make money to feed his family back home, in Honduras.  But at what cost to society?  The effect of his conduct—selling to drug addicts facing homelessness, and mental and physical health maladies—is inescapable to even the most casual observer who walks the streets of the Tenderloin neighborhood

1   that surrounds this courthouse.  These human beings are derided as "zombies" because their addictions

2   have robbed them of their free will—and those are the survivors.  As demonstrated by his controlled

3   buys to an undercover officer, Mr. Sanchez-Moradel sold fentanyl for months.  He now informs the

4   Court that he intends to return home following this case, but deterrence is necessary to ensure that

5   outcome.

6       Author and journalist Sam Quinones, who presented to the Federal Bar Association last year,[1]

7   aptly analogized selling fentanyl as "shooting into a crowd" given the foreseeable and potentially lethal

8   impact.[2]  Mr. Sanchez-Moradel was comfortable making a living from this tragedy that has become a

9   crisis in San Francisco, and across the country.  A fentanyl-fueled crisis has led to the overdose deaths of

10  hundreds of San Franciscans, with 806 overdose deaths in 2023.[3]  "The year 2023 surpassed 2020 as the

11  deadliest year on record for overdose deaths in San Francisco."[4]  To be sure, Mr. Sanchez-Moradel is

12  not solely responsible for this broader societal problem.  But he acted with indifference to his own role

13  that is necessarily in furtherance of it, further plaguing the Tenderloin neighborhood of San Francisco

14  where he was arrested.  His conduct must be viewed in context.

15  **IV.    CONCLUSION**

16      Mr. Sanchez-Moradel's sentence should serve as a deterrent for fentanyl dealers who are

17  similarly making money while causing the drug crisis in the Tenderloin.  Like any other unlawful

18  employment driven purely by economic gain, the behavior of a drug dealer, like Sanchez-Moradel, is

19  motivated by a simple cost-benefit analysis.  A 21-month sentence helps shift that calculus and sends a

20

21  [1]  The program was *The Fentanyl Public Health Crisis: A Conversation with Journalist and Author Sam Quinones* and took place virtually and live at the San Francisco Federal Courthouse on June 12, 2023,

22  with the Honorable Trina L. Thompson, United States District Judge, moderating.  *See* https://www.fedbar.org/event/northern-district-of-california-chapter-the-fentanyl-public-health-crisis-a-

23  conversation-with-journalist-and-author-sam-quinones/.  Mr. Quinones's knowledge about the impacts of drug trafficking and use goes back to when he started journalism in the late 1980's.  *See*

24  https://samquinones.com/

25  [2]  U.S. Drug Enforcement Administration (DEA), Facts About Fentanyl (Feb. 23, 2022) *available at* https://www.dea.gov/resources/facts-about-fentanyl.

26  [3]  City and County of San Francisco Report on 2023 Accidental Overdose Deaths *available at* https://www.sf.gov/sites/default/files/2024-01/2024%2001_OCME%20Overdose%20Report.pdf

27  [4]  Yoohyun Jung, *San Francisco continues to grapple with a deadly drug overdose epidemic*, S.F.

28  Chron., Mar. 12, 2024 *available at* https://www.sfchronicle.com/projects/san-francisco-drug-overdose-deaths/

U.S. SENTENCING MEMO                    4
CR 24-00022-HSG

1    message that Mr. Sanchez-Moradel, and other drug dealers like him, are better off continuing to seek

2    gainful employment then slipping into the easy money that comes from selling poison on the streets of

3    San Francisco.  For the foregoing reasons, the government recommends that the Court sentence Mr.

4    Sanchez-Moradel to 21 months of imprisonment, three years supervised release, and a $100 special

5    assessment.

6    DATED:  July 24, 2024                                Respectfully submitted,

7                                                                         ISMAIL J. RAMSEY
                                                                          United States Attorney
8

9                                                                                   /s/
                                                                          DANIEL N. KASSABIAN
10                                                                        Assistant United States Attorney
     2077-9258-5218, v. 1
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. SENTENCING MEMO                                5
CR 24-00022-HSG